IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
                 Plaintiff,     )
                                )
v.                              )       No.  07-10162-02-WEB
                                )
DARIN DWAYNE ROGERS,            )
                                )
                 Defendant.     )
_____ )

**Memorandum and Order**

This matter came before the court on November 10, 2008 on the defendant's objections
to the Presentence Report and for sentencing.  The court ruled orally on the defendant's
objections at the sentencing hearing.  This written memorandum will supplement the court's oral
ruling.

I. **Objections**.

*Obj. No. 1* - Defendant first objects to the application of a 2-level enhancement in ¶ 27 of
the PSR for physically restraining a person to facilitate the commission of the offense.  *See*
USSG § 2B3.1(b)(4)(B).  Although his co-defendant restrained a teller in the course of the bank
robbery, the defendant argues he should not be responsible for such conduct because he and the
co-defendant allegedly had an understanding prior to the offense that no real firearm was to be
used and no one in the bank was to be restrained.  *See* Doc. 28.  Defendant argues he did not
anticipate and was surprised that his co-defendant restrained a teller.

According to the unchallenged facts in the PSR, the defendant and his co-defendant
entered the bank on August 30, 2007, and brandished what appeared to be handguns.  The co-
defendant climbed over a counter and subsequently grabbed a female employee around the neck,

held the gun to her, and verbally indicated he wanted money from the main vault.  Two employees then opened a vault, and the co-defendant directed them to put money in a backpack. The defendant, meanwhile, forced customers in the lobby to the floor and walked around brandishing what appeared to be a handgun.  After obtaining money from the vault, the two men left the bank.  *See* PSR ¶9.

Section 2B3.1(b)(4)(B) provides a 2-level enhancement if any person was physically restrained to facilitate commission of the offense.  Additionally, Section 1B1.3 provides in part that in the case of crimes undertaken by the defendant with others, the defendant is responsible for all reasonable foreseeable acts of others in furtherance of the jointly undertaken criminal activity.

The Tenth Circuit explored the contours of the enhancement for physical restraint in *United States v. Miera*, 539 F.3d 1232 (10th Cir. 2008).  Under the standards of that case, the court finds that the defendant's actions brandishing what appeared to be a firearm and forcing customers to lie on the floor amounted to physical restraint and qualifies for the enhancement. The defendant's conduct, in all likelihood, would have had the effect of physically restraining everyone in his presence.  *Cf. Miera*, 539 F.3d at 1235.  Moreover, after forcing customers to the floor the defendant walked around brandishing the gun, in what was likely an effort to ensure that no one moved and interfered with the robbery.  *Id.*  His conduct amounted to more than merely brandishing a gun; it involved a display of force to keep customers and others from moving and interfering with the robbery.  Such conduct qualifies for the enhancement. Moreover, the court finds the defendant is responsible for his co-defendant's physical restraint of a bank employee during the robbery notwithstanding their alleged understanding that no one

should be restrained.  As the comments to the Guidelines point out:

> Note that the criminal activity that the defendant agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical. For example, two defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim. The second defendant is accountable for the assault and injury to the victim (even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone) because the assaultive conduct was in furtherance of the jointly undertaken criminal activity (the robbery) and was reasonably foreseeable in connection with that criminal activity (given the nature of the offense).

USSG 1B1.3, comment. (n. 2).  Given the nature of a bank robbery, the physical restraint of the bank employee in this case was "reasonably foreseeable" to the defendant within the meaning of the law and was in furtherance of the agreed-upon objective of robbing the bank.  The court finds that the enhancement for physical restraint is appropriately applied to the defendant.

_Obj. Nos. 2 and 3_.  Defendant's second and third objections concern statements in the PSR identifying factors that may warrant an upward departure, including the fact that the defendant was previously convicted of bank robbery in the District of California.  *See* PSR ¶41. The defendant has also filed a Sentencing Memorandum which argues that the factors in Section 3553(a) do not warrant imposition of an upward departure.

The court will deny the defendant's objections as moot because the court does not intend to impose an upward departure in this case.  After considering all of the factors in Section 3553(a), the court concludes that a custodial sentence at the high end of the guideline range - 87 months – is sufficient but not greater than necessary to satisfy the purposes of sentencing.  Such a sentence takes into account the defendant's prior history of bank robbery, and will afford sufficient deterrence, protect the public from further crimes, and reflect the seriousness of the

instant offense.

**II.  <u>Conclusion</u>**.

The defendant's objections to the Presentence Report are DENIED. The Probation

Officer in charge of this case shall see that a copy of this order is appended to any copy of the

Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this  12th

Day of November, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge