IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 07-10162-02 |
| | ) | |
| DARIN DWAYNE ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to adjust his restitution payment schedule. (Doc. 36). The United States has notified the victim of the offense of the requested change in accordance with 18 U.S.C. § 3664(k); the victim opposes the request. (Doc. 38). Defendant has not replied and the time for him to do so has now expired.

Section 3664(k) provides that upon receipt of notification of a material change in the defendant's economic circumstances that might affect defendant's ability to pay restitution, the court may adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Defendant was ordered to pay restitution of $45,794, jointly and severally with his co-defendant, upon his conviction for bank robbery. (Doc. 34). The initial payment schedule required "payment

1

of not less than 10% of the funds deposited each month into the inmate's trust fund account" while he is incarcerated.

Defendant contends his circumstances have changed because he has been transferred to the FCI at Mendota, California, and "he no longer has the opportunity for UNICOR-based employment or an IPP [Inmate Performance Pay] wage large enough to cover the FCI Mendota's latest schedule of payment." (Doc. 36 at 3).

The court finds defendant's alleged change in circumstances does not warrant any change in the payment scheduled ordered by the court. Defendant's economic circumstances are essentially the same as they were at the time of sentencing. See United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000) (on motion for adjustment court is to make objective comparison of defendant's financial circumstances before and after a sentence is imposed). The payment schedule previously ordered is adequate to take into account the reduction in defendant's wages since the schedule was based on a percentage of funds deposited, not an absolute amount. Cf. United States v. Dolan, 571 F.3d 1022, 1033 (10th Cir. 2009) (court is free to revise payment schedule if the "assessment of a defendant's future earning potential doesn't pan out and its payment schedule proves too onerous….").

Defendant complains that the Bureau of Prisons has allegedly determined under the Inmate Financial Responsibility Program that he should make installment payments at a rate of $25 per month.

2

(Doc. 36 at 2). The account statements he has provided with his motion refute this assertion. They show only a single FRP deduction of $25 for the entire period from March 22, 2012, to August 12, 2012. (Doc. 36 at 5-6). Cf. Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003)(defendant's IFRP documents failed to demonstrate that his economic circumstances have changed in any way since the imposition of sentence; "thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order."). Defendant also complains that BOP is relying in part on payments into his account from outside sources. There is nothing in improper, however, in the BOP considering such sources in setting payments under the IFRP. See 28 C.F.R. §545.11 (payments under IFRP may take into account "community resources"). Considering all of the circumstances, including the need for defendant to reimburse the victim for its losses, the interests of justice do not warrant any adjustment in the payment schedule.

**Conclusion**.

Defendant's Motion to Adjust Restitution Payment Schedule (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated this 22nd day of October, 2012 at Wichita, Kansas.

s/Monti Belot
Monti L. Belot

3

UNITED STATES DISTRICT JUDGE